# BURSOR & FISHER
P.A.

**MEMO ENDORSED**

888 SEVENTH AVENUE
NEW YORK, NY 10019
www.bursor.com

YITZCHAK KOPEL
Tel: 646.837.7510
Fax: 212.989.9163
ykopel@bursor.com

November 11, 2021

*Via ECF*
The Honorable Kenneth M. Karas
United States District Court
Southern District of New York
300 Quarropas Street, Chambers 533
White Plains, NY 10601-4150

Re:   *Howze et al. v. Nestle USA, Inc.*, Case No. 7:21-cv-06994-KMK

Dear Judge Karas:

    I represent Plaintiffs in the above-captioned action. I write pursuant to Rule II.A of Your Honor's Individual Rules of Practice and in opposition to Defendant's November 5, 2021 Letter requesting a pre-motion conference for its forthcoming motion to dismiss (hereinafter, the "Letter"). Plaintiffs will oppose the motion.

## Brief Summary of Factual Allegations

    Defendant's coffee creamer products (the "Products") prominently identify the number of "servings" they each contain. As explained in Plaintiffs' complaint, the packaging tells consumers that each "serving size" equals "1 tsp (2g)." Elsewhere on the Products' packaging, Defendant defines each serving as 1 teaspoon in some areas, while also defining it as 2 grams in others.

  

*See* Compl. ¶¶ 2, 4 (displaying full-size images).

Case 7:21-cv-06994-KMK Document 13 Filed 11/17/21 Page 2 of 4
Case 7:21-cv-06994-KMK Document 12 Filed 11/11/21 Page 2 of 4

**BURSOR&FISHER**
P.A

PAGE 2

Because teaspoons are a measurement of volume and grams are a measurement of weight,[1] the two reported numbers of serving size are not *inherently* incongruous. Unless consumers specifically test Defendant's math by weighing a teaspoon of the Products using a sensitive and precise scale, they would have no reason to doubt Defendant's representation that each teaspoon of coffee creamer Product weighs two grams.

The problem is, however, that Defendant's math was flat-out wrong. As explained in Plaintiffs' complaint, each teaspoon of Defendant's Products weighs between 2.6 and 3.7 grams, depending on the specific variety/flavor being measured. Compl. ¶ 7. And when the Products' labels prominently represent the number of servings they contain, that number was calculated solely by taking the net weight of the product (in grams) and dividing that number by two. Thus, the Products contain significantly fewer servings per container than represented when calculated as a number of teaspoons contained in each package.

### Defendant's Argument is Meritless

Defendant argues that "plaintiffs do not state a claim because the products contain the labeled number of servings based on a *2-gram* serving size." Letter at 2. That is wrong for several reasons.

First, the critical question here does not concern Defendant's own interpretation of its labeling claims, but rather, what the products' labeling conveys to the reasonable consumer. And, as this Court has recognized, such an inquiry is often inappropriate for resolution on the pleadings. *See Cooper v. Anheuser-Busch, LLC*, 2021 WL 3501203, at *6 (S.D.N.Y. Aug. 9, 2021) (Karas, J.) ("Here, the Court cannot conclude, as a matter of law, that the Products' labeling 'would not be misleading to a reasonable consumer.' … Plaintiffs have cogently explained how reasonable consumers might be misled … Such a mistake is not hard to imagine.") (citing *Rivera v. Navient Solutions, LLC*, 2020 WL 4895698, at *8 (S.D.N.Y. Aug. 19, 2020)); *see also Petrosino v. Stearn's Prod., Inc.*, 2018 WL 1614349, at *7 (S.D.N.Y. Mar. 30, 2018) ("The question of whether Defendant's label is actually misleading to a reasonable consumer as a matter of law, however, is a question of fact better suited for the jury."); *Grossman v. Simply Nourish Pet Food Co. LLC*, 516 F. Supp. 3d 261, 280 (E.D.N.Y. 2021) ("Thus, discovery is needed to determine whether a reasonable consumer would be deceived and this Court cannot conclude, as a matter of law, that plaintiff failed to state a claim under GBL §§ 349 and 350."); *Goldemberg v. Johnson & Johnson Consumer Cos.*, 8 F. Supp. 3d 467, 479-80 (S.D.N.Y. 2014) (noting that questions of whether a practice is misleading are usually "a question of fact" and that "the Court cannot hold as a matter of law that the product labels are not misleading to a reasonable consumer").

Here, Defendant's representation of the Products' number of servings is decidedly false when measured as the number of teaspoons per package, in accordance with Defendant's own labeling representations. Compl. ¶ 7. But Defendant urges that a reasonable consumer would still not be misled by this because they would either (1) disregard it or (2) know that it was incorrect given that Defendant *also* claimed that a serving size equals two grams. But that argument makes no sense. Common sense dictates that essentially all consumers have teaspoons in their kitchens while very few have food scales. Moreover, given that many consumers drink

---

[1] Although the term "gram" is technically a "metric unit of mass," it is typically used in nomenclature as "the weight of a gram under the acceleration of gravity." *See* https://www.merriam-webster.com/dictionary/gram. For purposes of this litigation, the term "gram" refers to a unit of weight under real-world conditions.

Case 7:21-cv-06994-KMK Document 13 Filed 11/17/21 Page 3 of 4
Case 7:21-cv-06994-KMK Document 12 Filed 11/11/21 Page 3 of 4

BURSOR&FISHER
P.A.

PAGE 3

one or multiple cups of coffee daily, it is highly impractical to expect them to weigh out the creamer for each use as opposed to using a teaspoon, *particularly when the packaging explicitly stated that the serving size is one teaspoon*. The suggestion that reasonable consumers had any reason to doubt Defendant's representations about the serving size's weight or to actually test it, as Plaintiffs' counsel did, is simply silly. That is not what ordinary people do in real life. *See Poppiti v. United Indus. Corp.*, 2020 WL 1433642, at *4 (E.D. Mo. Mar. 24, 2020) (in GBL context, holding "defendants' argument that vaguely suggests it is at least theoretically possible for plaintiffs—in the internet age—to discern the truth for themselves goes far beyond what the reasonable opportunity test actually requires."); *accord Bassaw v. United Indus. Corp.*, 482 F. Supp. 3d 80, 89 (S.D.N.Y. 2020)

Defendant's letter also fails to address or justify why it told consumers on the packaging that a serving size equals one teaspoon, if consumers were indeed expected to understand that a serving size should be measured by weight. Even accepting Defendant's absurd assertion that reasonable consumers would be likely to weigh out their coffee creamer instead of scooping it with a teaspoon, Defendant's silence on why the packaging stated that each serving is a teaspoon is a tacit admission that *something* on the packaging is a lie. Given that a teaspoon does not equal two grams, Defendant's representations cannot all be correct. Either the two grams per serving and total servings per container representations are incorrect or the one teaspoon per serving representation is incorrect. Either way, Defendant is making explicit misrepresentations to consumers on the Products' packaging.

Finally, to the extent Defendant believes that an asterisk or nutrition label dispels any consumer confusion, the Second Circuit disagrees. For example, in *Mantikas v. Kellogg Co.*, 910 F.3d 633 (2d Cir. 2018), the Second Circuit held that "a reasonable consumer should not be expected to consult the Nutrition Facts panel on the side of the box to correct misleading information set forth in large bold type on the front of the box." *Id.* at 637. Indeed, New York courts have made clear that the presence of nutritional facts and ingredient lists on food labels "does not eliminate the possibility that reasonable consumers may be misled." *Ackerman v. The Coca-Cola Co.*, 2010 WL 2925955, at *16 (E.D.N.Y. July 21, 2010); *Koenig v. Boulder Brands, Inc.*, 995 F. Supp. 2d 274, 288 (S.D.N.Y. 2014) ("Because it is unclear to the Court whether, as a matter of law, a reasonable consumer might be confused or misled about the fat content of Smart Balance based upon its packaging, the Court DENIES Defendant's motion to dismiss on that basis.") (citing *Smajlaj v. Campbell Soup Co.*, 782 F. Supp. 2d 84, 103 (D.N.J. 2011) (finding that plaintiffs adequately stated a claim for breach of express warranty under New Jersey law premised upon literally true but misleading language on "less sodium" tomato soup label)).

At best, Defendant's nutrition panel and asterisk contradict the label's representations, making it even more plausible that reasonable consumers would be misled by the products' labeling. *See Rivera v. Navient Sols., LLC*, 2020 WL 4895698, at *9 (S.D.N.Y. Aug. 19, 2020) ("Both from the language on the first page of the billing statement and from the way in which billing statements are configured, a reasonable consumer would not expect the fine print on the remainder of those pages to do anything other than confirm, rather than contradict, the representations on the first page."); *Potler v. MCP Facilities Corp.*, 471 F. Supp. 1344, 1351 (E.D.N.Y. 1979) (deeming a disclaimer inoperative where a product's express warranties could not reasonably be construed consistently with the disclaimer's language).[2]

---

[2] Plaintiffs will not pursue their claims for unjust enrichment or injunctive relief.

**BURSOR & FISHER**
P A

PAGE 4

Respectfully,

*/s/ Y. Kopel*

Yitzchak Kopel

cc: All counsel of record via ECF

*Granted. The Court will hold a pre-motion conference on December 7, 2021 via teleconference at 12:00 p.m.*

SO ORDERED

/s/ KMK

KENNETH M. KARAS U.S.D.J.

11/17/2021